FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

14 OCT 27 PM 3: 14

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALTON N. VANDERPOEL, II, an individual, <br><br> Plaintiff, <br><br> v. <br><br> MACKELL A. STEPHENS, an individual, and NAVAJO EXPRESS, INC., a corporation, <br><br> Defendants. | Case No.: 8:14 CV 329 |

## COMPLAINT

COMES NOW Plaintiff ALTON N. VANDERPOEL, II, and for the relief hereinafter sought, respectfully shows unto this Honorable Court as follows:

### Parties

1. Plaintiff ALTON N. VANDERPOEL, II is an adult resident citizen of Dale County, Alabama.

2. Plaintiff ALTON N. VANDERPOEL, II was injured in a motor vehicle collision on March 13, 2014, in York County, Nebraska.

3. Defendant NAVAJO EXPRESS, INC. is a Colorado corporation with its principal place of business in Denver, Colorado.

4. At the time of the collision forming the basis of this civil action, Defendant NAVAJO EXPRESS, INC. was operating in and doing business in the State of Nebraska.

5. On or about March 13, 2014, Defendant NAVAJO EXPRESS, INC. owned and/or leased, maintained and controlled a 2011 Kenworth tractor-trailer (VIN # 1XKAD49X8BJ292403) involved in a collision with Plaintiff ALTON N. VANDERPOEL, II.

6. Defendant MACKELL A. STEPHENS is, upon information and belief, an adult resident citizen of San Bernardino County, California, who was at all times pertinent to this civil action, an employee working for and under the control of Defendant NAVAJO EXPRESS, INC., and was the operator of the 2011 Kenworth tractor-trailer (VIN # 1XKAD49X8BJ292403) owned and/or leased, maintained and controlled by Defendant NAVAJO EXPRESS, INC. on March 13, 2014.

7. All of the acts and omissions of Defendant MACKELL A. STEPHENS alleged in this civil action were acts and omissions that occurred while Defendant MACKELL A. STEPHENS was acting within the line and scope of his employment as an employee of Defendant NAVAJO EXPRESS, INC.

8. This Complaint is brought against all employees and agents of Defendant NAVAJO EXPRESS, INC. and against the officers, directors, managerial agents, supervisors and safety personnel for Defendant NAVAJO EXPRESS, INC. who set policy or who play any role in the policymaking process, or any role in the hiring, training, retention and supervision of the employees of Defendant NAVAJO EXPRESS, INC.

9. Defendant NAVAJO EXPRESS, INC., as a legal entity, can only act through its officers, employees and agents. As the employer of those who set policies and play any role in the hiring, training, retention and supervision of the employees, Defendant NAVAJO EXPRESS, INC. is responsible for its tortious acts or omissions that are the direct and proximate cause of injuries to Plaintiff ALTON N. VANDERPOEL, II.

### Jurisdiction & Venue

10. The Plaintiff adopts and incorporates paragraphs one (1) through nine (9) as if fully set out herein.

11. This civil action is filed pursuant to 28 U.S.C. § 1332, as the parties are each citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, this Court has proper subject matter jurisdiction.

12. The acts and omissions forming the basis of this civil action occurred in York County, Nebraska, which falls within the District of Nebraska. On the date forming the basis of this civil action, Defendant MACKELL A. STEPHENS was operating a commercial motor vehicle in York County, Nebraska, in interstate commerce and within the line and scope of his employment with Defendant NAVAJO EXPRESS, INC. Accordingly, this Court has personal jurisdiction over the Defendants.

13. The United States District Court for the District of Nebraska is the proper venue for this civil action, pursuant to 28 U.S.C. § 1391, as the acts and omissions giving rise to this civil action occurred within this judicial district.

## Factual Allegations

14. The Plaintiff adopts and incorporates paragraphs one (1) through thirteen (13) as if fully set out herein.

15. On or about March 13, 2014, at approximately 10:51 A.M., Plaintiff ALTON N. VANDERPOEL, II was operating a vehicle owned by Swift Transportation, Inc. and was traveling West on Interstate 80, approximately 3.2 miles North of York, Nebraska and 20 feet West of mile marker 350, in York County, Nebraska.

16. At the same time and place, Defendant MACKELL A. STEPHENS was operating a commercial tractor-trailer unit that was leased and/or owned by Defendant NAVAJO EXPRESS, INC.

17. At the same time and place, Defendant MACKELL A. STEPHENS was employed by and was acting within the line and scope of his employment as a driver and hauler working for the commercial benefit of Defendant NAVAJO EXPRESS, INC.

18. At the same time and place, Defendant MACKELL A. STEPHENS caused and/or allowed the tractor-trailer unit he was operating to collide with the vehicle operated by Plaintiff ALTON N. VANDERPOEL, II.

19. As a direct and proximate consequence of the collision described in paragraph eighteen (18), above, the Plaintiff was caused to suffer injuries and damages as described with particularity in paragraph (23), below.

## Count One
### Negligence/Gross Negligence/Willfulness

20. The Plaintiff adopts and incorporates paragraphs one (1) through nineteen (19) as if fully set out herein.

21. At the time of the collision forming the basis of this civil action, Defendant MACKELL A. STEPHENS had a duty to refrain from operating a motor vehicle on a public roadway in a negligent, wanton, reckless or willful manner.

22. Defendant MACKELL A. STEPHENS, while acting at all times in the line and scope of his employment with Defendant NAVAJO EXPRESS, INC., breached his duty by negligently, wantonly, recklessly or willfully causing or allowing his tractor-trailer to collide with the vehicle operated by Plaintiff ALTON N. VANDERPOEL, II, including, but not limited to, the following conduct:

    a. Following too closely behind the vehicle in front of him;

    b. Failing to ensure that he had adequate line-of-sight of other vehicles and obstructions in his path;

c. Failing to maintain a proper lookout for warnings, other vehicles and obstructions;

d. Failing to ensure that he had adequate stopping distance to avoid colliding with the vehicle in front of him and other vehicles and obstructions in his path;

e. Failing to ensure that he had adequate maneuvering room to avoid colliding with the vehicle in front of him and other vehicles and obstructions in his path;

f. Failing to maintain proper speed, given the weight of his tractor-trailer and his limited stopping and maneuvering distance and line-of-sight;

g. Driving at an unsafe rate of speed; and

h. Operating his tractor-trailer without adequate training, experience and qualification.

23. As a direct and proximate consequence of the conduct of Defendant MACKELL A. STEPHENS, Plaintiff ALTON N. VANDERPOEL, II was caused to suffer injuries and damages, including, but not limited to:

a. The Plaintiff was caused to suffer injuries to his person that were and are attended by physical pain and suffering;

b. The Plaintiff was caused and will be caused in the future to incur medical expenses in an effort to treat and cure his injuries;

c. The Plaintiff suffered mental anguish and emotional distress; and

d. The Plaintiff suffered past, present and future lost earnings and lost earning capacity.

WHEREFORE, PREMISES CONSIDERED, Plaintiff ALTON N. VANDERPOEL, II requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant MACKELL A. STEPHENS for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the

enormity and wrongfulness of the Defendant's conduct and deter similar future conduct. Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

## Count Two
### *Respondeat Superior*

24. The Plaintiff adopts and incorporates paragraphs one (1) through twenty-three (23) as if fully set out herein.

25. At the time and place of the collision forming the basis of this civil action, Defendant NAVAJO EXPRESS, INC. was the principal, master and/or employer of Defendant MACKELL A. STEPHENS.

26. At the time and place of the collision forming the basis of this civil action, Defendant MACKELL A. STEPHENS was the agent, servant and/or employee of Defendant NAVAJO EXPRESS, INC.

27. At the time and place of the collision forming the basis of this civil action, Defendant MACKELL A. STEPHENS was acting within the line and scope of his employment with Defendant NAVAJO EXPRESS, INC. and was operating a tractor-trailer in furtherance of the business purposes of Defendant NAVAJO EXPRESS, INC.

28. As a result of the foregoing, Defendant NAVAJO EXPRESS, INC., as principal, is vicariously liable to Plaintiff ALTON N. VANDERPOEL, II for the negligent, wanton, reckless or willful conduct of Defendant MACKELL A. STEPHENS, as agent, which proximately caused injuries and damages to Plaintiff ALTON N. VANDERPOEL, II, as set forth in paragraph twenty-three (23), above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff ALTON N. VANDERPOEL, II requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant NAVAJO EXPRESS, INC. for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct. Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

## Count Three
### Negligent Hiring, Training, Retention & Supervision

29. The Plaintiff adopts and incorporates paragraphs one (1) through twenty-eight (28), as if fully set out herein.

30. At all times relevant to the events forming the basis of this civil action, Defendant NAVAJO EXPRESS, INC. owed a duty to Plaintiff ALTON N. VANDERPOEL, II, and to the other members of the motoring public, to exercise reasonable care in:

    a. Hiring and retaining its drivers;

    b. Providing training and instruction to its drivers;

    c. Properly supervising its drivers;

    d. Complying with federal, state or local regulations concerning the inspection, maintenance and operations of its tractor-trailers;

    e. Ensuring that its drivers comply with applicable company policies, as well as all federal, state or local regulations concerning the inspection, maintenance and operations of its tractor-trailers;

    e. Establishing safe procedures for the operation of its tractor-trailers; and

  f.  Inspecting, maintaining and repairing its tractor-trailers.

31. At all times relevant to the events forming the basis of this civil action, Defendant NAVAJO EXPRESS, INC. breached the duties set forth above by failing to use reasonable care in its:

  a.  Hiring of its drivers, employees or agents, including Defendant MACKELL A. STEPHENS;

  b.  Training of its drivers, employees or agents, including Defendant MACKELL A. STEPHENS;

  c.  Retention of its drivers, employees or agents, including Defendant MACKELL A. STEPHENS;

  d.  Supervision of its business operations, by failing to properly monitor the driving habits and records of its drivers, employees or agents in a manner consistent with accepted industry practices, including Defendant MACKELL A. STEPHENS;

  e.  Instruction of its drivers, employees or agents, including Defendant MACKELL A. STEPHENS;

  f.  Supervision of its drivers, employees or agents, including Defendant MACKELL A. STEPHENS;

  g.  Entrustment of a tractor-trailer to its drivers, employees or agents, including Defendant MACKELL A. STEPHENS;

  h.  Inspection of its tractor-trailers;

  i.  Proper execution of its business practices and procedures;

  j.  Compliance with state and federal regulations;

  k.  Enforcement of its drivers', employees' or agents' compliance with state and federal regulations, including Defendant MACKELL A. STEPHENS;

  l.  Auditing of the logs of its drivers, employees or agents, including Defendant MACKELL A. STEPHENS;

  m.  Utilization of available information to properly monitor its drivers, employees or agents, including Defendant MACKELL A. STEPHENS,

    for compliance with company policies, state regulation and federal regulations; and

  n. Other ways that are as yet unknown, but may be revealed after further investigation and discovery.

32. As the entity that employed and controlled Defendant MACKELL A. STEPHENS, Defendant NAVAJO EXPRESS, INC. failed to take the required actions to assure that he was properly hired, trained, retained and supervised.

33. As a proximate consequence of Defendant NAVAJO EXPRESS, INC.'s breaches of the duties described above and specifically related to its negligent hiring, training, retention and supervision of Defendant MACKELL A. STEPHENS, Plaintiff ALTON N. VANDERPOEL suffered the injuries and damages set forth in paragraph twenty-three (23), above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff ALTON N. VANDERPOEL, II requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant NAVAJO EXPRESS, INC. for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct. Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

### Count Four
### Negligence *Per Se*

34. The Plaintiff adopts and incorporates paragraphs one (1) through thirty-three (33), as if fully set out herein.

35. Under the Federal Motor Carrier Safety Regulations, Defendant NAVAJO EXPRESS, INC. owed the general public, including Plaintiff ALTON N. VANDERPOEL, II, a duty to determine the qualifications of its employees, including, but not limited to, (a) adequately evaluating applicants before hiring them as truck drivers, and (b) adequately evaluating these persons' performance, including thorough training and supervision, so as to discharge any incompetent or negligent applicant/employee before he injures any member of the motoring public.

36. Defendant NAVAJO EXPRESS, INC. had a statutory duty to properly screen its applicants for employment. Under the Federal Motor Carrier Safety Regulations, Defendant NAVAJO EXPRESS, INC. had numerous statutory duties, including, but not limited to, the following:

    a. To ensure the general qualifications of any driver it permitted to operate one of its tractor-trailers. 49 C.F.R. §391.11 & §391.15;

    b. To ensure that a driver it permitted to operate one of its tractor-trailers possessed the requisite familiarity with the proper location, distribution and securement of his cargo. 49 C.F.R. §391.13;

    c. To obtain a completed employment application before permitting an applicant to operate one of its tractor-trailers. 49 C.F.R. §391.21;

    d. To fully investigate a driver's employment history by all reasonable means. 49 C.F.R. §391.23(d)-(k);

    e. To fully investigate the past three (3) years of a driver's driving history and to document evidence of that investigation within thirty (30) days of employment. 49 C.F.R. §391.23(a)-(c);

    f. To properly conduct an annual inquiry and review of a driver's driving record. 49 C.F.R. §391.25;

    g. To properly obtain records of all violations of motor vehicle traffic laws for each of its drivers every twelve (12) months. 49 C.F.R. §391.27;

h.  To require a successfully completed road test before commencing employment and permitting an applicant to operate one of its tractor-trailers. 49 C.F.R. §391.31;

i.  To ensure the physical and medical qualifications of its applicants. 49 C.F.R. §§391.41-391.49;

j.  To maintain an appropriate driver qualification file for each of its drivers. 49 C.F.R. §391.51; and

k.  To maintain an appropriate driver investigation history file for each of its drivers. 49 C.F.R. §391.53.

37. Defendant NAVAJO EXPRESS, INC. breached each of these statutory obligations and permitted Defendant MACKELL A. STEPHENS to operate its tractor-trailers after negligible efforts, if any, to determine whether Defendant MACKELL A. STEPHENS was competent and fit to drive its tractor-trailers.

38. Defendant NAVAJO EXPRESS, INC. had a duty to comply with the Federal Motor Carrier Safety Regulations so as to protect the general public, including Plaintiff ALTON N. VANDERPOEL, II, from the unsafe operation of commercial motor vehicles hauling cargo in interstate commerce. Plaintiff ALTON N. VANDERPOEL, II belongs to the class of persons that the Federal Motor Carrier Safety Regulations were intended to protect, and the personal injuries suffered by Plaintiff ALTON N. VANDERPOEL, II were the types of injuries that the federal safety regulations were specifically intended to prevent.

39. Plaintiff ALTON N. VANDERPOEL, II's injuries were proximately caused by Defendant NAVAJO EXPRESS, INC.'s breaches of the statutory obligations referenced in Paragraph Thirty-Six (36), above. If it had properly screened Defendant MACKELL A. STEPHENS' background, Defendant NAVAJO EXPRESS, INC. would not have hired or retained him as a driver, and this collision would not have occurred.

WHEREFORE, PREMISES CONSIDERED, Plaintiff ALTON N. VANDERPOEL, II requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant NAVAJO EXPRESS, INC. for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct. Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

        **s/ Andrew J. Moak**
        Bar Number: ASB-3266-N66M
        Attorney for Plaintiff
        ALTON N. VANDERPOEL, II
        Farris, Riley & Pitt, LLP
        The Financial Center
        505 20th Street North
        Suite 1700
        Birmingham, Alabama 35203
        Telephone: (205) 324-1212
        Fax: (205) 324-1255
        E-mail: amoak@frplegal.com

**THE PLAINTIFF HEREBY DEMANDS A JURY FOR THE TRIAL OF THIS CASE.**

PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:

Mackell A. Stephens
1816 West 20th
San Bernardino, CA 92411

Navajo Express, Inc.
11030 Circle Point Road
Second Floor
Westminster, CO 80020

# FARRIS, RILEY & PITT LLP
## ATTORNEYS AT LAW
Birmingham | Mobile

DELIVERINGJUSTICE.COM

KIRBY D. FARRIS
KENNETH E. RILEY
REDDING PITT
D. BRETT TURNBULL

J. ADAM CLAYTON
THOMAS R. GOREE, JR.
IVY GRIMES
ANDREW J. MOAK
JOHN DAVID LAWRENCE

505 20TH STREET NORTH, SUITE 1700
BIRMINGHAM, ALABAMA 35203
TELEPHONE: (205) 324-1212
FACSIMILE: (205) 324-1255
❖
169 DAUPHIN STREET, SUITE 204
MOBILE, ALABAMA 36620
TELEPHONE: (251) 725-9827
FACSIMILE: (251) 725-9727

October 22, 2014

United States District Court
Attn: Clerk
Roman L Hruska Federal Courthouse
111 South 18th Plaza
Suite 1152
Omaha, NE 68102

 Re:  *Alton Vanderpoel v. Mackell A. Stephens and Navajo Express, Inc.*

Dear Clerk:

Enclosed please find a Civil Cover Sheet, Summons, Complaint and check number 025439 in the amount of $400.00 for the filing fee in the above-referenced lawsuit. If you have any questions on concerns, please feel free to call me.

Thank you for your attention to this matter.

Very truly yours,

Melissa Alexander
Paralegal to Andrew J. Moak

Enclosures

RECEIVED
OCT 27 2014
CLERK
U.S. DISTRICT COURT
OMAHA

**FARRIS, RILEY & PITT, L.L.P.**
ATTORNEYS AT LAW
THE FINANCIAL CENTER
505 20TH STREET NORTH, SUITE 1700
BIRMINGHAM, ALABAMA 35203

TO:
United States District Court
Attn: Clerk
Roman L Hruska Federal Courthouse
111 South 18th Plaza
Suite 1152
Omaha, NE 68102

RECEIVED
OCT 27 2014
CLERK
U.S. DISTRICT COURT
OMAHA


